Reese, J.
delivered the opinion of the court.
The prisoner was indicted for murder; he was' found guilty of man-slaughter; he moved for a new trial which was refused and he has prosecuted his appeal in error to this court. The prisoner was arrested before the death of the individual slain by him. The proceedings before the committing magistrates, took place at the house of one Lowe, and in the lifetime of the deceased. The prisoner was present at that time and place. As a part of those proceedings, the deposition of the wounded man was taken by the committing magistrates, by virtue of the provisions of the act of 1715, ch. 16, sec. 1. The defendant declined being in the actual presence of the deceased, or in the house, or room where the wounded man lay, while the deposition was being taken, saying to the committing magistrates engaged in taking the deposition, that he did not wish to cros-ex-amine him. And it has been argued here, for the prisoner, that he not being in the immediate presence of the wounded man, since deceased, while his deposition was being taken, the deposition ought not to have been read on his trial, as it was, when produced and proved by the committing magistrates. It is certain that such a deposition, taken in the absence of the prisoner, and where he had no opportunity to cross-ex *345 amine the witness, could not be read in evidence against him; because our bill of rights, art. 1, sec. 9, declaring that “in criminal prosecutions, the accused shall have a right to meet the witness face to face.” We are not prepared to say, that if in a proceeding under the act of 1715, ch. 16, sec 1, he have the opportunity to meet the witness, face to face, and cross-examine him, and decline doing so, that the deposition, shall not be taken, or if taken shall not be redd against him; and that he shall escape the effect and consequences of such proof, unless by force, he be compelled into the presence of one dying, perhaps by a wound his hand inflicted.
We think it sufficient, if he be at the place, if it be in a judicial proceeding against him, if he know the deposition is being taken and have an opportunity to cross-examine. We have been referred in this subject to a brief notice of Forbes’ case, Holt 599, as quoted in Roscoe’s Criminal Law. The prisoner was not present during the examination, till a certain part of the deposition had been written. — Chambre, judge, for it was a nisi prius case, would not permit such part to be read as evidence, although he was present during the balance of the examination, and what had been previously taken was read over to him, observing that it was the intent of' the State that the prisoner should be present while the witness actually declares his testimony. But in Smith’s case, Russ. & Ry. 399, the contrary was held by a majority of the judges. The prisoner was not present till the three last lines of the deposition were written; he was asked if he chose to put .any questions to the deceased, but did not do so. A majority of the judges held that the deposition was rightly admitted. In each of these cases, it is probable that the prisoner was entirely absent — that is, not actually at the place when the talking of the deposition was commenced, or until the time mentioned in the cases. But here the prisoner might, if he would, have attended from the beginning, and throughout, anjlhave heard all of the examination and have cross-examined him — he declined it from some reason — probably because it would have been painful to his feelings to have been in the presence of the wounded man, and to have heard a recapitulation of the circumstances from his *346 lips. Be tbis as it may, he was constructively present; he knew the deposition was being taken; he might have been immediately present if he would; he was asked, but declined to be so. His constitutional right, therefore, of meeting his witnesses face to face was not infringed, and it would be most dangerous to permit persons to exclude such testimony by refusing to go into the immediate presence of the injured party testifying. We think, therefore, that this deposition was properly admitted, and thinking so, there is nothing in the other objection, which has been urged, against the regularity of the proceedings in the trial, namely, that a witness was permitted to detail the statements of the deceased on the same subject, made at another time. This testimony was heard as rebutting testimony of the many witnesses who had been examined by the prisoner, as to the declarations of the wounded man, and with a view to weaken the force of his deposition. Under such circumstances the proof was altogether proper. It would, moreover, have been admissible in chief, to fortify the deposition by showing that the deceased had been consistent and uniform in his statements. Upon the whole, we are of opinion that the judgment must be affirmed.